ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Robert D. Sansom filed motions for jail time credit on April 18 and June 13, 2003. He now seeks to have the court compel Judge Burt W. Griffin to grant him 249 days jail time credit in State v. Sansom,
Cuyahoga Cty. Court of Common Pleas case No. CR-311107.
 {¶ 2} The judge moved as respondent for summary judgment and attached a copy of a journal entry of May 21, 2003, in which he denied Sansom's motion. Although the judge contends that he has issued a journal entry disposing of the June 13th motion, a review of the docket in Case No. CR-311107 reflects that it is still pending.
 {¶ 3} The judge correctly argues, however, that the remedy for challenging a determination of jail time credit is an appeal not mandamus,[1] and, therefore, is not the appropriate method to utilize when one tries to obtain a ruling on the April 18, 2003 motion. Sansom's action in mandamus filed on August 4, 2003 — less than 120 days after the filing of the June 13, 2003, motion for jail time credit — is premature.[2]
 {¶ 4} On its face, the complaint is also defective because, although action must be on the relation of the state in the name of the person bringing the action, the caption reads "Sansom v. Griffin."[3]
 {¶ 5} Accordingly, the judge's motion for summary judgment is granted. Sansom to pay costs. The clerk is directed to serve upon the parties notice of this judgment and of its date of entry upon the journal. Civ.R. 58(B).
Writ denied.
Diane Karpinski J., Concurs.
 Anthony O. Calabrese, JR., J., Concurs.
[1] Cf. State ex rel. Johnson v. O'Donnell (Oct. 4, 1994), Cuyahoga App. No. 67783.
[2] State ex rel. Morton v. Pokorny (Mar. 1, 2001), Cuyahoga App. No. 79187. See also Sup.R. 40(A).
[3] R.C. 2731.04.